IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE ALEX STEWART, 1552180, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-975-M |
| ) | |
| WARDEN CARMONA and BEVERLY WILSON, ) | |
|     Defendants. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

### I. Nature of the Case

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Warden Carmona and Hutchins State Jail Mail Room Administrator Beverly Wilson.

### II. Statement of the Case

Plaintiff states Defendants unlawfully failed to timely process his outgoing mail. He states that in May, 2009, he placed mail in the prison mail system. He states the mail was returned five to eight days later because of insufficient postage. Plaintiff claims the returned mail shows that Defendant Beverly Wilson failed to send his mail out within 24 - 48 hours as required by the Texas Department of Criminal Justice ("TDCJ")regulations. He also claims that Warden Carmona is responsible for the actions of Jail personnel. He seeks money damages.

**Findings and Conclusions of the**
**United States Magistrate Judge**   Page -1-

### III.  Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court finds Plaintiff's claims should be dismissed as frivolous.

### IV.  Discussion

To state a claim under § 1983, Plaintiff must show : (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  To the extent Plaintiff alleges a violation of state law or TDCJ regulations, he fails to state a claim under § 1983.

To the extent Plaintiff alleges that the mishandling of his mail resulted in a denial of access to the courts, he must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996);

*Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (finding plaintiff must demonstrate his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, plaintiff must show that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to "vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id*. (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). The right of access to the courts is not a "freestanding right," it is necessary that plaintiff demonstrate actual injury resulting from the alleged denial of access. *Id*. at 351.

In this case, Plaintiff states he did not miss any court deadline as a result of the mishandling of his mail. (*See* Answer No. 1, Magistrate Judge's Questionnaire). Plaintiff has therefore failed to establish the requisite prejudice for his denial of access to courts claim. His claim should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 18th day of May, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).